[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action seeking a declaratory judgment and other relief brought by the plaintiff, a condominium association (association). The gist of the action is to mandate the defendants to convey to the plaintiff lien-free legal title to the common areas of the Oldefield Farms condominium development in Enfield. The defendants are the original developers of the condominium project. They have filed a counterclaim seeking damages for a breach of covenants by the plaintiff.
As the "declarant" of Oldefield Farms pursuant to General Statutes § 47-201(12) the defendant, LAD Development Corp. (LAD) was the sole owner of the property.
The following sections of the declaration on file in the Enfield Town Clerks Office are pertinent to the issues in this case:
Article IV, Section 4.2 of the Declaration provides, in part, as follows: CT Page 4095-O
 The Developer [i.e. LAD] shall transfer lien free legal title to the Property to the Association following the sale of seventy-five percent (75%) of the Exclusive Use Areas or January 1, 1986 whichever is earlier . . .
Article XIX, Section A. of the Declaration provides, in part, as follows:
 . . . [T]he Developer reserves unto itself and its successors and assigns the following rights and privileges until one hundred eighty (180) days following the sale of the last Exclusive Use Area or such earlier time as declared by the Developer, but in no event later than January 1, 1990:
 (3) The right from time to time to lay out, mark and construct roads which shall be located on and shall be designed to provide safe and efficient means of vehicular ingress, egress, and circulation throughout the Property for private automobiles, fire fighting apparatus, security, police and emergency vehicles, moving vans, trucks and other vehicles serving Oldefield Farms.
Article XIX, Section B. of the Declaration provides:
 The Developer reserves unto itself and its successors and assigns forever the right to pass and repass over the private roads depicted on said final map for Oldefield Farms.
(Emphasis added).
At trial, it was undisputed that the January 1, 1986 date by which LAD was to transfer lien-free legal title to the Association in accordance with Section 4.2 of the Declaration (the "Section 4.2 deed") had expired, and that such title had not, as yet, been transferred to the Association by the defendants.
Although the time for passing title has long passed, the defendants have continued to offer to convey title to CT Page 4095-P the plaintiff, reserving rights to themselves as follows:
 Said premises are conveyed subject to any and all provisions of any ordinance, municipal regulation or public or private law, including use of the roadways therein by fire, police and emergency vehicles (and other vehicles which may be designated by the Planning and Zoning Commission and/or the State Traffic Commission) entering from the roadways at the south off Hazard Avenue and from the roadways at the north off Elm Street; [emphasis added].
The defendants assess that they are entitled to reserve the conditions above specified because the "final map" described in the declaration (Article XIX Sec. B) so permits.
Although the defendant Louis Lizzote testified that a map is on file in the Enfield Town Clerks Office filed subsequent to the declaration which map depicts an additional roadway leading to contiguous property of the defendants on Elm Street, the defendant's have failed to produce this map at trial or present any testimony as to its filing or indexing in the Enfield Town Clerk's office in accordance with proper recording procedure. No other roads have been constituted on the property.
On the other hand, the plaintiff presented testimony of an expert — in land records examination, Denis Caron, who testified that he personally examined the Enfield Land Records and found no maps other than in the original declaration in the chain of title for Oldefield Farms Condominium.
The court finds the testimony of Mr. Caron to be credible and to sustain the plaintiff's burden of proof that no other maps have succeeded the original declared map on the land records. Therefore, the defendants are not entitled to reserve to themselves any usage or right of way over any proposed roads except as shown on the original declared map, because the court finds that the terms "final map" as described in the Declaration is the original map filed. Any other maps that may have been filed in reference to other properties are a nullity as to the CT Page 4095-Q subject property. General Statutes § 47-71(b).
The court therefore finds the issues for the plaintiff on the complaint and the counterclaim.
Accordingly, the following order may enter.[1]
Freed, J.